UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA SHERICE
WHITTERSON,

        Plaintiff,

   v.

AMAZON.COM LLC, et al.,

        Defendants.

Case No. 1:25-cv-278

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

In her May 8, 2025, Report and Recommendation (R&R, Doc. 4, #101) Magistrate Judge Bowman, after screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), recommends that the Court dismiss Plaintiff's § 1983 claim because it fails to state a claim upon which relief may be granted. By contrast, the R&R recommends that Plaintiff's employment discrimination and retaliation claims go forward. Plaintiff did not object to this R&R within the 14-day deadline set out in Federal Rule of Civil Procedure 72(b). For the reasons stated more fully below, the Court agrees with and **ADOPTS** the recommendation (Doc. 4) and **DISMISSES** Plaintiff's § 1983 claim **WITHOUT PREJUDICE**.

## BACKGROUND

In her Complaint, Plaintiff alleges that she has worked at seven different Amazon warehouses, six in Kentucky, and most recently, one in Cincinnati. (Doc. 3, #58). While she has worked for Amazon "[s]ince 2007–2008 and then 2015 through 2023 intermittently," the facts which gave rise to this case occurred over a six-month

span at the Cincinnati warehouse, from June to December in 2023. (*Id.*). Plaintiff alleges that during that period, she suffered "tremendous emotional distress" while being "harassed, bullied, discriminated against, retaliated against [and] ultimately wrongfully terminated." (*Id.* (emphasis removed)). As best as this Court can tell, Plaintiff's conflict with her employer arose out of a company policy that hair had to be tied up upon entering the building and how Plaintiff wore her ponytail to comply with that policy. (*Id.* at #59–60). What began as a disagreement escalated to direct confrontation, (*see id.* at #58, 66), and then to Plaintiff's termination for "insubordination" and "violation of company policy," (*id.* at #66). Plaintiff alleges that the policy was enforced against her in a racially discriminatory manner and has attached photographs of "non-African American" women wearing their hair, either in violation of the company policy or similarly to how she wore hers, who were not disciplined. (*Id.* #71–88). And Plaintiff alleges that while she was fired for insubordination, "The Ohio State Unemployment" found that she was discharged "without just cause." (*Id.* #60–61). Finally, she alleges that her discipline and firing was in retaliation for "whistleblowing"—specifically, for reporting her manager, who was herself subsequently fired. (*Id.* at #64–65). She has now brought claims against various Amazon entities for (1) employment discrimination under 42 U.S.C. § 2000(e) et seq. (Title VII of the Civil Rights Act of 1964) and § 1981, (2) civil rights violation under 42 U.S.C. § 1983, (3) retaliation and harassment under Title VII, (4) wrongful termination under Title VII, and (5) intimidation and bullying under Title VII. (*Id.* at #67).

Because Plaintiff sought to proceed in forma pauperis, the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge for initial handling. On May 8, 2025, Magistrate Judge Bowman granted Plaintiff's request to proceed in forma pauperis. (Doc. 2). That same day, invoking the Court's screening authority under 28 U.S.C. § 1915(e), the Magistrate Judge issued her R&R recommending that Plaintiff's employment discrimination and retaliation claims be allowed to proceed, but recommending the dismissal of Plaintiff's § 1983 claim for failure to state a claim. (Doc. 4, #101).

As to the employment discrimination and retaliation claims, while the Magistrate Judge noted that Plaintiff's allegations "did not fully comply with Fed. R. Civ. P. 8(a)(2) or Fed. R. P. 10(b)" in setting out a short and plain statement of the claim, she determined that they were sufficient to "apprehend the essence of [Plaintiff's] discrimination and retaliation claims." (*Id.* at #98–99). The Magistrate Judge understood Plaintiff "to be alleging that she was unfairly disciplined based on the manner in which she wore her ponytail at work, while [] other employees with similar hairstyles who were not African American were not disciplined." (*Id.* at #99). This, combined with Plaintiff's allegations of whistleblower retaliation and a determination of discharge without just cause by the Ohio Unemployment Commission, was sufficient for the Magistrate Judge to conclude that these claims were "deserving of additional development." (*Id.* #99–100).

In contrast, the Magistrate Judge recommended that Plaintiff's § 1983 civil rights claim be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state any

3

plausible claim. (*Id.* at #101). A complaint asserting a § 1983 claim "must plausibly allege facts sufficient to show a '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" (*Id.* at #100 (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)). But because Plaintiff's former employer is not a state actor, nor did Plaintiff allege any facts suggesting her employer acted under color of state law, the Magistrate Judge found that Plaintiff failed to allege the second element. (*Id.*). Accordingly, the R&R recommended dismissal, but did not specify whether the dismissal should be with or without prejudice. (*Id.* at #101).

The R&R also advised Plaintiff that she had 14 days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #102 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R ... [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Plaintiff needed to object by May 22, 2025. Plaintiff did not do so.

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an

4

objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up)

For any unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to that review. *Berkshire*, 928 F.3d at 530. Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Plaintiff has not objected to the R&R. And, having reviewed the R&R, the Court concludes that the Magistrate Judge did not commit clear error. The Court agrees that Plaintiff's employment discrimination and retaliation claims should proceed at this juncture. And the Court also agrees that claims under 42 U.S.C. § 1983 can only be brought against those "acting under color of state law" and that Plaintiff has pleaded no facts suggesting that her Amazon employer was doing so. *Hunt*, 542 F.3d at 534. That compels dismissal of Plaintiff's § 1983 claim. Because this is a pleading defect that potentially could be cured through additional allegations, however, the Court dismisses this claim without prejudice.

## CONCLUSION

The Court finds no clear error and adopts the R&R in its entirety. Accordingly, the Court **DISMISSES** Plaintiff's claim under 42 U.S.C. § 1983 **WITHOUT**

5

**PREJUDICE**. Plaintiff's employment discrimination and retaliation claims may proceed.

    **SO ORDERED.**

October 20, 2025
**DATE**

                **DOUGLAS R. COLE**
                **UNITED STATES DISTRICT JUDGE**

6