**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANGELA SHERICE WHITTERSON,
Plaintiff,

v.

AMAZON.COM SERVICES LLC, *et al.*,
Defendants.

Case No. 1:25-cv-278

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff has been permitted to proceed in this action with her Title VII employment discrimination and retaliation claims against Defendant, Amazon.com LLC ("Amazon"), which she claims resulted in her wrongful termination.[1] (Doc. 16). This case is before the Court on Plaintiff's Motion to Add Additional Parties (Doc. 18) and Motion to Amend the Pleadings (Doc. 21). For the reasons provided below, it is recommended that the Motion to Amend be granted in part and denied in part, and the Motion to Add Additional Parties be denied.

In the Motion to Add Additional Parties, Plaintiff seeks to add numerous additional individuals/entities as defendants to this action. (Doc. 18). These include seven individuals and nine purported corporate defendants. (*See id.* at PageID 200). In the Motion to Amend the Pleadings and proposed amended complaint, Plaintiff reasserts her Title VII discrimination and retaliation claims.[2] She also appears to include a tortious interference claim. (Doc. 21 at PageID 224-25).

---

[1] Plaintiff named Amazon.com LLC, Amazon.com LLC Sales/Services, Amazon.com LLC Legal Department, and Amazon.com LLC Legal Correspondence Department as Defendants in the Complaint. (Doc. 3 at PageID 54). As discussed below, Amazon.com LLC is the proper Defendant to this action.

[2] Plaintiff includes three counts brought under 42 U.S.C. § 2000 titled discrimination, retaliation, and unlawful termination. (Doc. 21-1 at PageID 224-25). In the original Complaint, Plaintiff specified that she

Defendant Amazon.com Services LLC does not oppose Plaintiff's motions to the extent that the Amended Complaint includes Plaintiff's employment discrimination and retaliation claims (and new factual allegations in support of those claims). (*See* Doc. 25 at PageID 304). Defendant does oppose Plaintiff's motions to the extent that Plaintiff seeks to amend the Complaint to include additional defendants and a tortious interference claim. According to Defendant, "Amazon.com Services LLC" was Plaintiff's only employer during the relevant time period and the sole properly named defendant to this action. As to the individuals included as purported defendants, Defendant argues that Title VII does not provide for individual liability. Finally, Defendant contends amending the Complaint to include a tortious interference claim would be futile.

Fed. R. Civ. P. Rule 15(a)(2) provides that a court should "freely give leave" to amend pleadings "when justice so requires." However, the denial of leave to amend is appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*,371 U.S. 178, 182 (1962)). A motion to amend a complaint should be denied as futile when the complaint as amended would not survive a motion to dismiss. *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010).

Plaintiff's Motion to Amend (Doc. 21) should be granted in part and denied in part. As noted above, Defendant does not oppose the motion to the extent that Plaintiff has

---

brought the wrongful termination count based on her claim that Defendants actions violated Title VII. (*See* Doc. 1-1, Complaint at PageID 18).

reasserted her Title VII employment discrimination and retaliation claims, and pled additional factual allegations in support of those claims in the proposed amended complaint. However, the Court agrees with Defendant that amendment to include additional individuals/entities as defendants and a tortious interference claim would be futile. On this basis, it is recommended that Plaintiff's motions be denied to the extent that Plaintiff seeks to name additional defendants and a tortious interference claim.

First, amendment to include the corporate entities—aside from Amazon.com Services LLC—as defendants would be futile. Plaintiff seeks to name the following entities as defendants in the proposed amended complaint: Amazon.com Service LLC, Amazon.com Inc., Amazon Services LLC, Amazon Fulfillment Services Inc., Amazon Corporate LLC, Amazon.com KYDC LLC, Amazon.com Services Inc., Amazon Corporate LLC, Amazon.com LLC, Amazon FC SOH2. (Doc. 21-1 at PageID 219). According to Plaintiff, the entities were named to "leav[e] no stone unturned," as she claims all are entities associated with Amazon. (Doc. 26 at PageID 330). Defendant Amazon.com Services LLC does not dispute that it was Plaintiff's employer during the relevant time period. (*See* Doc. 8 at PageID 129). However, Defendant attests that the remaining corporate entities either do not exist or were not Plaintiff's employer. (Doc. 25 at PageID 306-07).

As argued by Defendant, because Title VII only provides for liability against a plaintiff's employer, *see* 42 U.S.C. § 2000e-2(a), amending the Complaint to include the remaining corporate entities would be futile.

Plaintiff also names the following individuals as Defendants in the proposed amended complaint: Kevin Eidt, Rick Stephens, Kevin Bowen, Tarra Sauntry, Devaine

Colgate, and Stephanie Hippard. (Doc. 21-1 at PageID 219). Plaintiff alleges that the Amazon managers/employees discriminated against her and contributed to her wrongful termination. Amendment to include these individuals as Defendants would also be futile with respect to her Title VII claims, as "Title VII does not create individual liability for individuals in supervisory positions." *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003). *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.").

Finally, to the extent that Plaintiff seeks amend the Complaint to include a tortious interference claim against the named individuals, such an amendment would also be futile.[3] To state a claim for tortious interference with a business relationship under Ohio law, a plaintiff must allege: "(1) the existence of a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Kuvedina, LLC v. Cognizant Tech. Sols.,* 946 F. Supp. 2d 749, 756 (S.D. Ohio 2013). "Ohio law precludes individual liability when the individual is an employee of a party to the relationship at issue, unless the employee acted solely in his or her individual capacity and benefitted from the alleged interference." *White v. Adena Health System*, No. 2:17-cv-593, 2018 WL 3377087, at *15 (S.D. Ohio July 11, 2018).

In this case, Plaintiff fails to state a tortious interference claim against the individuals named as proposed defendants. Plaintiff does not allege that the Amazon

[3] The undersigned notes that to the extent that Plaintiff raises additional state and/or federal claims for the first time in her reply brief (Doc. 26), such claims are not properly before the Court. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (finding that the district court did not err by declining to address a claim raise for the first time in a reply brief).

supervisors/employees acted solely in their individual capacities or acted outside the scope of their employment, much less that they benefitted from their actions. As here, where an individual is merely an agent for one of the parties to the relationship, "the individual is not a third party interfering with the business relationship, and the plaintiff simply hasn't established the elements of a tortious interference claim." (*Id.* (citing *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1216 (6th Cir. 1989)). Accordingly, amending the Complaint to include the tortious interference claims would be futile.

Accordingly, in sum, Plaintiff's motion to Amend Pleadings (Doc. 21) should be **GRANTED in part** and **DENIED in part**. The motion should be granted to the extent that Plaintiff should be permitted to proceed with her Title VII employment discrimination and retaliation claims, as set forth in the proposed amended complaint against Defendant Amazon.com Services LLC. The motion should be denied to the extent that Plaintiff seeks to add additional parties or include a tortious interference claim.

Plaintiff's Motion to Add Additional Parties (Doc. 18), which seeks to add the parties named in the proposed amended complaint as defendants to this action, should be **DENIED.**

**IT IS SO RECOMMENDED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANGELA SHERICE WHITTERSON,
Plaintiff,

Case No. 1:25-cv-278

v.

Cole, J.
Bowman, M.J.

AMAZON.COM SERVICES LLC, *et al.*,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).