**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ANGELA SHERICE WHITTERSON,**

**Plaintiff,**

**v.**

**AMAZON.COM LLC, et al.,**

**Defendants.**

**Case No. 1:25-cv-278**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

**OPINION AND ORDER**

Proceeding pro se, Angela Sherice Whitterson is suing Amazon.com LLC for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17. Today, the Court addresses two motions: (1) Whitterson's motion to add defendants (Doc. 18), and (2) her motion for leave to amend her complaint (Doc. 21). Magistrate Judge Bowman reviewed both motions and issued a Report and Recommendation, (R&R, Doc. 37), recommending that the Court: (1) grant Whitterson's motion to amend to the extent that it reasserts and adds factual allegations supporting her Title VII claims, but (2) deny the motions to the extent that she seeks to add new defendants and a tortious interference claim. (*Id.* at #405–06). Whitterson objected to the recommendation and denials, (Doc. 38), and Amazon responded, (Doc. 40). As described below, the Court **OVERRULES** Whitterson's objections (Doc. 38), **ADOPTS** the R&R (Doc. 37), and thus **GRANTS** in part and **DENIES** in part Whitterson's motion to amend (Doc. 21), and **DENIES** her motion to add parties (Doc. 18).

## BACKGROUND

Whitterson's original, (Doc. 3), and proposed amended complaint, (Doc. 21-1), both tell the same basic story. Plaintiff, who is African American, alleges that her employer enforced a company hairstyle policy against her in a racially discriminatory manner that led to her termination. The policy at issue requires employees to keep long hair tied up while in work areas. (Doc. 3, #59–60; Doc. 21-1, #220, #230–251, #260–264). She states that, based on that policy, she was "harassed, bullied, discriminated against, retaliated against [and] ultimately wrongfully terminated" while working at a Cincinnati warehouse in 2023, and that she suffered "tremendous emotional distress" as a result. (Doc. 3, #58 (emphasis removed)).

Plaintiff's original complaint included claims under Title VII, 42 U.S.C. § 1983, and 42 U.S.C. § 1981, [1] but the Court dismissed the § 1983 claim in a previous order. (*See generally* Doc. 16 (adopting R&R recommending dismissal of § 1983 claim for failure to plead facts showing Amazon "act[ed] under color of state law," and allowing Title VII claims to proceed)).

Here, the motion to amend and proposed amended complaint add a tortious interference claim based on more detailed allegations of the same conduct underlying

[1] Whitterson's proposed amended complaint drops her § 1981 claim. (*See generally* Doc. 21-1). An amendment under Federal Rule of Civil Procedure 15(a)—as opposed to voluntary dismissal under Rule 41(a)—is the proper vehicle through which a plaintiff may drop some, but not all, of their claims. 9 Wright & Miller's Federal Practice & Procedure § 2362 (4th ed. 2008) ("[A] plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15."); *see also Griesmar v. City of Stow*, No. 22-3151, 2022 WL 17581658, at *4 (6th Cir. Dec. 12, 2022) ("Rule 41(a) allows only for dismissal of actions, not claims."). Nobody has disputed Whitterson's ability to amend out her § 1981 claim, so the Court grants her leave to do so.

Whitterson's Title VII claims. (*See* Doc. 21, #224–25). She also seeks to add seven individuals and nine[2] corporate entities to this suit. (Doc. 18, #200). According to Whitterson, the individuals include current and former Amazon employees, and the additional corporate parties are Amazon's "legal entities." (Doc. 18, #201–206). Amazon opposed both motions to the extent that Whitterson seeks to include additional defendants and a tortious interference claim. (Doc. 37, #405; Doc. 40).

After reviewing both motions, the Magistrate Judge found that adding the individual and corporate defendants and the tortious interference claim would be futile and thus she recommended the Court deny leave to make those amendments. (Doc. 37, #406). First, the Magistrate Judge noted that the newly identified corporate entities are not proper subjects of a Title VII suit because the statute "only provides for liability against a plaintiff's employer," and the entities Whitterson named either did not exist or did not serve as her employer. (*Id.* (citing 42 U.S.C. § 2000e-2(a))). Turning to the individuals, the Magistrate Judge found that the contours of Title VII liability likewise doomed Whitterson's amendments on that front. As the Magistrate Judge explained, "Title VII does not create individual liability for individuals in supervisory positions." (*Id.* at #407 (quoting *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003))). Finally, the Magistrate Judge found that Whitterson's proposed tortious interference claim was futile because her allegations failed to support that the individual "employee[s] acted solely in [their] individual capacit[ies] and benefitted

[2] Plaintiff's motion to add parties lists ten corporate entities to add, but includes Amazon.com Services LLC, which is already a defendant in this action. (Doc. 18, #200).

from the alleged interference," which is a prerequisite for individual liability under Ohio law. (*Id.* (quoting *White v. Adena Health System*, No. 2:17-cv-593, 2018 WL 3377087, at *15 (S.D. Ohio July 11, 2018))).

Accordingly, the Magistrate Judge recommended denying the motions to the extent that Whitterson sought to add additional defendants and a tortious interference claim. But the Magistrate Judge recommended granting the motion to amend to the extent that Whitterson sought to provide additional factual allegations in support of her Title VII claims. (*Id.* at #408).

Whitterson has since objected to the R&R, (Doc. 38), and Amazon has responded (Doc. 40). So the matter is ripe for this Court's consideration.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). The de novo review requirement extends, however, only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (citation modified)

For any unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to that review. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that

the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

The Court finds that Whitterson has adequately objected, (Doc. 38), to the Magistrate Judge's recommendation to deny her motions to add (1) a tortious interference claim, and (2) the individual defendants. (Doc. 37). That means she is entitled to de novo review on those issues. But, upon conducting that review, the Court agrees with the Magistrate Judge that both additions would be futile. *See Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986) ("[I] it is well settled law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss."); (Doc. 37, #406–07).

Apart from that, Whitterson did not object to the Magistrate Judge's recommendation that the Court deny her leave to add the various corporate defendants. So the Court reviews that recommendation only for clear error. Finding none, the Court denies Whitterson leave to add the new corporate entities.

In sum, the Court adopts the R&R in its entirety, denying Whitterson's leave to add new defendants or a new tortious interference claim. But the Court grants Whitterson leave to amend her complaint to add further support for her Title VII claims.

### A. The Court Denies the Request to Add a Tortious Interference Claim and Seven Individual Defendants.

The Court first turns to Whitterson's objections regarding the tortious interference claim. (Doc. 38, #412). Under Ohio Law, tortious interference "claims by former employees against … supervisory agents of former employers must fail because there is no *third party* who induced the breach. The agents are considered the same as the actual employer." *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212, 1216 (6th Cir. 1989) (quoting *Avins v. Moll*, 610 F. Supp. 308, 318 (E.D. Pa. 1984)); *Tessmer v. Nationwide Life Ins. Co.*, No. 98AP-1278, 1999 WL 771013, at *6 (Ohio 10th Dist. Sep. 30, 1999). Ohio courts create only a narrow exception to the default rule against individual liability: a supervisor who "acted solely in his or her individual capacity and *benefitted* from the alleged interference" can be held individually liable for tortious interference. *White v. Adena Health Sys.*, No. 2:17-cv-593, 2018 WL 3377087, at *13–15 (S.D. Ohio July 11, 2018) (citations omitted) (emphasis added).

Here, the Court finds that Whitterson's allegations do not plausibly bring this case within that narrow exception. In particular, she has failed to allege that the proposed individual defendants benefitted from the alleged interference, thereby rendering her claim futile. To expand on that a bit, Whitterson argues that "individual supervisors acted outside the legitimate scope of their employment by intentionally creating false disciplinary records, fabricating policy violations, selectively enforcing unwritten rules, retaliating against Plaintiff for protected activity, and intentionally interfering with Plaintiff's employment relationship."

(Doc. 38, #412). True, these alleged acts are appropriate additions to the complaint in that they may provide additional support for Whitterson's Title VII claims.[3] But as support for a tortious interference claim, the allegations are lacking. For example, these acts all at least arguably occurred within the scope of the individual defendants' employment, *see RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996) ("Under Ohio law, an employee acts within the scope of employment if the employee acts within his authority during the course of employment even though acting intentionally or maliciously."), which would preclude reliance on those acts to support a tortious interference claim, *see White*, 2018 WL 3377087, at *15. Ultimately, though, the Court need not decide *that* issue, because an even bigger problem looms for Whitterson's tortious interference claim—she doesn't allege that the named individuals benefitted from their conduct. (*See generally*, Doc. 38; Doc. 21). Absent such allegations, Whitterson has failed to adequately allege a claim for tortious interference against individual supervisors. *See White*, 2018 WL 3377087, at *15. So the Court overrules Whitterson's objections and denies the motion to amend to the extent she seeks to add a tortious interference claim.

Moreover, the fatal problem with the tortious interference claims also dooms Whitterson's efforts to add the individual defendants. (Doc. 38, #411; Doc. 37, #406).

[3] Whitterson's objection argues that case law supports "that supervisors' personal actions may be relevant when the complaint alleges their direct involvement in unlawful conduct," (Doc. 38, #413), citing a California Superior Court case as an example. *See Tran v. Golden State FC, LLC*, No. BC699931, 2022 WL 4015736 (Cal. Super. Ct. May 12, 2022). That California suit involved California state-law labor claims in a state court, and so does not shed light on Ohio tortious interference law.

Whitterson's objections to the R&R on that front raise the same facts that she uses to support her tortious interference claim. (Doc. 38, #411). And that makes sense. As Whitterson concedes, Title VII does not impose individual liability for supervisors, so her argument for adding individual defendants depends entirely on her success as to the tortious interference claim. *Id.* In short, her inability to plead a viable tortious interference claim means she has no basis for adding the individual defendants to this suit. So the Court denies her leave to do so.

### B. The Court Finds No Clear Error in the Magistrate Judge's Finding that Adding Corporate Defendants Would Be Futile.

The Magistrate Judge found that the nine corporate entities Whitterson sought to add—which she claimed were associated with Amazon—were not proper defendants for a Title VII suit because they did not exist or were not Whitterson's employer. (Doc. 37, #406). The Court agrees that "Title VII only provides for liability against a plaintiff's employer," and finds no clear error in the Magistrate Judge's recommendation to deny the addition of corporate defendants as futile. (*Id.* (citing 42 U.S.C. § 2000e-2(a))). Therefore, the Court adopts the R&R and denies Whitterson leave to add the corporate defendants.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Whitterson's objections and **ADOPTS** the R&R (Doc. 37) in its entirety. Accordingly, the Court **GRANTS** in part Whitterson's motion to amend (Doc. 21) to the extent that she seeks to add factual allegations supporting her Title VII claims, but **DENIES** Whitterson's motion

to amend to the extent that she seeks to name additional defendants and a tortious interference claim, and likewise **DENIES** her motion to add parties (Doc. 18).

**SO ORDERED.**

September 23, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**